# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES A. HENSON, JR. #331-667

    Plaintiff                                 :

v                                              :          Civil Action No. RWT-10-1725

LT. PHILLIP R. NATALE[1]               :
SGT. STAN RALEY
LT. OLAN CREEK                     :

    Defendants

## MEMORANDUM OPINION

James A. Henson, Jr., a Maryland Division of Correction (DOC) prisoner confined at Western Correctional Institution in Cumberland (WCI), alleges a violation of his Eighth Amendment rights and seeks money damages and injunctive relief.[2] Henson claims that Defendants[3] conspired to place him in danger with an alleged gang known as the "Cumberland Prison Assault Team." As a result of this alleged conspiracy, Henson claims that he was assaulted on four different occasions by three fellow prisoners: Richard Janey on January 23 and February 20, 2008; Deshawn Patterson on July 1, 2008; and Roland Saxon on April 28, 2010. Henson also claims generally that he was deprived of medical care by unidentified corrections staff members on one occasion.

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of Defendants' names.

[2] The injunctive relief requests are listed in ECF No. 1 at 4. Henson's request for a new trial to attack his conviction is outside the purview of this civil rights action. Such relief may be granted by way of habeas corpus review. He has no entitlement to the criminal prosecution of various corrections department personnel; thus, to the extent that he complains that he has been unable to press criminal charges against such individuals Henson has failed to allege a violation of a constitutional right, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Otero v. United States Attorney General, 832 F.2d 141 (11th Cir. 1987). HIV testing has been provided, as set forth more fully herein. Finally, Henson's complaints concerning access to the law library and other conditions while housed on segregation status are not the core allegations raised in the Complaint. Henson is free to address such concerns by way of a separate civil rights action following exhaustion of administrative remedies.

[3] Defendant Creek is a retired DOC officer. Defendants Natale and Raley remain employed by the DOC.

The case is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 22), which shall be treated as a motion for summary judgment, and Henson's opposition thereto.[4] ECF No. 24. No hearing is required. See Local Rule 105.6 (D. Md. 2011).

**Standard of Review**

Motion for Summary Judgment

Under the December 10, 2010 revisions to Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly

---

[4] Henson's opposition is not a model of clarity. Henson seems to argue that he has in fact completed administrative exhaustion of his claims. The Court will accept Henson's assertion that he has completed ARP remedies for the purpose of review of the pending dispositive motion.

2

supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

## Failure to Protect

Deliberate indifference in the context of a prisoner failure-to-protect claim requires that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302-303 (4th Cir. 2004); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Under Fourth Circuit law, liability under the Farmer standard requires two showings. First, the evidence must show that the official in question recognized a substantial risk of harm. It is not enough that the officers should have recognized it; they actually must have perceived the risk. See Rich v. Bruce, 129 F.3d 336, 340 n.2 (4th Cir.1997). Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." Id. As with the subjective awareness element, it is not enough that the official should have recognized that his actions were inappropriate; the official actually must have recognized that his actions were insufficient. See Brown v. Harris, 240 F.3d 383, 390-91 (4th Cir. 2001). Further, to state a claim for damages, the prisoner must show a serious physical injury. See De'Lonta v. Angelone, 330 F. 3d 630, 634 (4th Cir. 2003); see also Babcock v. White, 102 F.3d 267, 272-73 (7th Cir. 1996).

## Denial of Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. See Gregg v. Georgia, 428 U.S. 153, 173

3

(1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003); Wilson v. Seiter, 501 U.S. 294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, Henson must demonstrate that the actions of Defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. at 837.

As noted above, the medical condition at issue must be serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. Farmer, 511 U.S. at 839-40. "Actual knowledge or awareness on the part of the alleged inflicter …becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. See Brown v. Harris, 240 F.3d 383 (4th Cir. 2001), (citing Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998)). Mere medical negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

**Analysis**

The "gang" referenced in the Complaint – the "Cumberland Prison Assault Team" – is not known to WCI prison personnel. ECF No. 22, Exhibit B at 1, ¶ 4, Affidavit of Case Management Supervisor Bruce McKenzie. Prisoners at WCI typically share a cell. Id., Exhibit A, ¶ 3, Declaration of Tennille Winters. Prior to placing two prisoners in the same cell, prison personnel screen to determine whether a known risk of conflict between the prospective cellmates exists. Id., Exhibit A, ¶ 4. If a prisoner is known to be in danger from placement in general population, that prisoner will be placed on administrative segregation or protective custody status. Id., Exhibit A, ¶ 3 and attached records, p. 27.

Known enemies are recorded on the "Enemies List" contained in a prisoner's Offender Based Corrections Information System (OBCIS) record. Neither Deshawn Patterson nor Roland Saxon is listed on Henson's OBCIS Enemies List. Nothing in Henson's base file indicates that he had previously fought with either man, id., Exhibit A, p. 4 and Exhibit B, ¶¶ 5-6, and medical records likewise fail to corroborate Henson's claim that he was assaulted by Patterson or Saxon.[5] Id., Exhibit B, pp. 5-45. Medical records likewise fail to corroborate Henson's claim that he was assaulted by Richard Janey on January 23, 2008.[6] Id.

The parties agree that Janey and Henson fought in their cell on February 20, 2008. On that date, an officer observed the fight and intervened. Both men were removed from their cell and taken for medical evaluation. Id., Exhibit A, pp. 4, 6-7, and 18-22. Henson was treated for

---

[5] On April 25, 2010, Henson requested medical treatment for back pain resulting from a fight. The altercation with Saxon is alleged to have occurred several days later, on April 28, 2010. ECF No. 22, Exhibit B, ¶ 5.

[6] Henson claims he was denied medical treatment on that day. ECF No. 1 at 4. None of the named Defendants is implicated in this alleged denial of medical care. The Court notes that Henson did receive medical care on several occasions during January and February of 2008. The Court further notes that Henson received HIV testing each time he made such a request. ECF No. 22, Exhibit B, pp. 6, 8-11, 17, 19 and 24-25.

bruises, scratches and a red eye. Id., Exhibit A, pp. 19 and Exhibit B, p. 9.[7] Prior to this incident, neither prisoner had reported a problem with the other; afterward, each was placed on the other's Enemies List and housed in different cells. Id., Exhibit A, ¶ 4 and pp. 6, 11-12 and 17 and Exhibit B, ¶ 5. Henson was sentenced to 90 days of segregation for assaulting Janey. Id., Exhibit A, p. 17.

Prison administrators believe that Henson, who on May 3, 2010, filed an Administrative Remedy Procedure (ARP) complaint stating that he did not want to share a cell with "violent and dangerous criminals,"[8] is attempting to manipulate his prison housing assignment. ECF No. 22, Exhibit B at 3. Nothing in the record demonstrates otherwise. Defendants' dispositive motion shall be granted and the case closed by way of a separate order.

Date: July 13, 2011

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[7] Page 9 contains a typographical error; the date reading "2/02/08" is incorrect; the correct date is "2/20/08." ECF No. 22 at 4 n. 3.

[8] Henson is serving a twenty-year sentence, all but fifteen years suspended, following his 2005 conviction in the Circuit Court for Anne Arundel County for first-degree burglary. See Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K05000730&loc=60&detailLoc=K